United States District Court
Southern District of Texas
**ENTERED**
February 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY LOIS COLEMAN; aka HARRISON, § § § Petitioners, § VS. § LORIE DAVIS, § § Respondent. § | § § § § § CIVIL ACTION NO. 4:11-CV-1187 § § § § |

## MEMORANDUM AND ORDER

On February 29, 2012, this Court granted the respondent's motion for summary judgment and denied Anthony Lois Coleman's petition for a writ of habeas corpus. *See* Doc. # 18. The Fifth Circuit denied Coleman a certificate of appealability, *Coleman v. Thaler*, No. 12-20206 (5th Cir. Oct. 7, 2012), and the Supreme Court denied Coleman's petition for a writ of *certiorari*, *Coleman v. Thaler*, 568 U.S. 866 (2012). On September 17, 2013, Coleman filed a motion for relief from the judgment. On July 25, 2014, this Court denied Coleman's motion. On August 4, 2014, Coleman filed a motion for rehearing, which the Court denied on August 7, 2014. On January 30, 2020, Coleman filed a motion to reopen the case. The Court construes this as a motion for relief from the judgment.

Rule 60(b) allows a losing party to seek relief from judgment under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Coleman cites a 2018 Supreme Court decision, *Wilson v. Sellers*, 138 S.Ct. 1188 (2018), to argue that this Court applied the wrong standard in rejecting his claims for relief. *Wilson* addresses the requirement that a federal habeas court "look through" an unexplained state court decision to the last reasoned state court decision in the case when determining if the state court decision involved an

unreasonable application of federal law or was based on an unreasonable determination of fact. This Court's opinion in this case did not rest on any such finding or conclusion. Rather this Court found that one of Coleman's claims was not cognizable, and that his other claims failed to identify a constitutional violation based on the trial record and controlling law. Thus, *Wilson* has no bearing on this case, and Coleman fails to state a basis for relief. Accordingly, it is ORDERED that Coleman's motion to reopen the case (Doc. # 38) is DENIED. No certificate of appealability shall issue.

It is so ORDERED.

SIGNED on this 6th day of February, 2020.

_____
Kenneth M. Hoyt
United States District Judge